

NORTHERN DISTRICT OF TEXAS
**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 28, 2007**                                                            **United States Bankruptcy Judge**

Barrett Burke Wilson Castle Daffin & Frappier, L.L.P.
1900 St. James Place, Suite 500
Houston, Texas 77056
(713) 621-8673

Attorney for WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME
MORTGAGE, INC. ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 07-70231-HDH-13 |
| | § | |
| COREY JAMES CHAUVIN and | § | |
| CERYSE CAROL CHAUVIN, | § | |
| Debtor | § | CHAPTER 13 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| SUCCESSOR BY MERGER TO WELLS | § | |
| FARGO HOME MORTGAGE, INC. | § | |
| ITS ASSIGNS AND/OR | § | |
| SUCCESSORS IN INTEREST, | § | |
| Movant | § | HEARING DATE: 08/22/2007 |
| | § | |
| v. | § | TIME: 11:00 AM |
| | § | |
| COREY JAMES CHAUVIN and | § | |
| CERYSE CAROL CHAUVIN; and | § | |
| WALTER O'CHESKEY, Trustee | § | |
| Respondents | § | JUDGE HARLIN D. HALE |

**AGREED ORDER CONDITIONING AUTOMATIC STAY**

Came on for consideration the Motion for Relief from Stay, filed by WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INC. ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST, (hereinafter "MOVANT"), a secured creditor in the above entitled and numbered cause.  The Court, having considered said Motion and the agreement of Counsel, is of the opinion that the following Agreed Order should be entered.  It is therefore, **ORDERED, ADJUDGED, AND DECREED** that:

1. **Automatic Stay:**  The Automatic Stay provided by 11 U.S.C. § 362 shall remain in effect, except as provided below.

2. **Current Monthly Payments:**  Debtor shall continue to remit to the Movant the regular post-petition monthly payments beginning September 1, 2007, and continue said payments thereafter pursuant to that certain Note and Deed of Trust dated June 25, 2004.

3. **Additional Payments**:  In addition to the payments set forth above, Debtor shall cure post-petition arrearage and pay attorney's fees and cost in the total amount of $1,653.58.  Said total amount consists of post-petition payments for the months of June 1, 2007 through August 1, 2007 and additional fees and costs detailed as follows:

| | | |
|---|---|---|
| Monthly Payment Amount | $531.53 X 3 | $1,594.59 |
| Late Charges | $15.52 X 1 | $15.52 |
| Attorney's Fees & Costs | | $575.00 |
| Other Fees & Costs | | $0.00 |
| Amount Due | | $2,185.11 |
|    Payment Received | | $0.00 |
|    Payment to be Received by 09/03/2007 | | $531.53 |
|    Debtor Suspense | | $0.00 |
| Total Balance Due Less Payment Received | | $1,653.58 |

The total amount due shall be paid directly to Movant in 6 payments beginning September 15, 2007 as indicated below:

WELLS FARGO HOME MORTGAGE
405 SW 5TH STREET
PMT PROCESSING MAC # X2501-01D
DES MOINES, IA  50328
Attention: Bankruptcy Department

1. $275.60    09/15/2007
2. $275.60    10/15/2007
3. $275.60    11/15/2007
4. $275.60    12/15/2007
5. $275.60    01/15/2008
6. $275.58    02/15/2008

**There is no grace period on additional installment payments due under this Agreed Order.**

Payments received after the due date are subject to the default provisions contained in the Default Paragraph of this Agreed Order.

4. **Payments to Trustee**: Debtor shall remit to the Trustee the monthly payment provided for under the Debtor's Plan.  Debtor shall bring current all delinquent and outstanding payments owed to the Trustee, if applicable, within 30 days of the date the Order is signed by the Bankruptcy Judge.

5. **Proof of Payments**: Debtor shall have 30 days from August 22, 2007 or until September 21, 2007 to provide proof of disputed payments.  Proof shall consist of a copy of the front and back of a negotiable instrument that has been paid to Movant by the institution on which it has been drawn and has not been credited by Movant to Debtor's account.  If said proof is provided by September 21, 2007, then WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INC. ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST shall credit Debtor account with said payments.  If said proof is not provided to Movant the Debtor must tender to Movant the amount of  $1,653.58 as stated above net of

payments received and said net amount becomes due and owing under the terms stated in the Additional Payments Paragraph.

6. **Discharge:** Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

7. **Conversion to Chapter 7**: The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order. Upon conversion of this case to a Chapter 7 case, all pre-petition and post petition delinquent payments, fees, and charges due under the Note and Deed of Trust shall become immediately payable to Movant, and failure to bring the loan contractually current by the date of entry of the conversion order shall be an event of default under the Default Paragraph of this Agreed Order.

8. **Effect of Non-sufficient Funds**: Tendering of a check to Movant by Debtor which is subsequently returned due to non-sufficient funds in the account upon which the check is drawn or due to any other reason shall not constitute a payment as required by the terms of this order and is an event of default.

9. **Default**: In the event Movant does not receive any payments by the dates set forth in the Current Monthly Payments Paragraph or the Additional Payments Paragraph or Debtor does not remit the payment set forth in the Payments to Trustee Paragraph above, or in the event Debtor converts to Chapter 7 as set forth in the Conversion to Chapter 7 Paragraph, Movant shall send written notice by Regular Mail and by Certified Return Receipt Requested Mail, postage prepaid, to Debtor, Counsel for Debtor, and allow Debtor a 10-day period from the date of such written notice to cure such delinquent payments. Cure payments must be made by certified funds only. In the event Debtor fails to cure such delinquent payments within such 10-day period or in the

event Debtor becomes delinquent after **two (2) notices of default**, the Automatic Stay of 11 U.S.C. §362 shall terminate as to the Movant without further recourse to this Court and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the collateral described as follows:

> 9.937 ACRES OF LAND OUT OF BLOCK 19 AND 20, KNOTT BROTHERS SUBDIVISION, WICHITA COUNTY, TEXAS, DESCRIBED BY METES AND BOUNDS AS FOLLOWS:
>
> BEGINNING AT A NAIL FOUND EAST CORNER OF A TRACT CONVEYED TO LOLA FAY ROBINSON, ET AL, BY DEED RECORDED N VOLUME 1433, PAGE 617, WICHITA COUNTY, DEED RECORDS, SAID NAIL BEARS N. 44 DEGREES 37' 30' E 680.9 FEET FROM THE INTERSECTION OF THE CENTER OF RIVER ROAD WITH THE SOUTHWEST LINE OF BLOCK 20, FOR THE SOUTH CORNER OF THIS TRACT;
>
> THENCE N 45 DEGREES 14' 38' W WITH THE NORTHEAST LINE OF SAID ROBINSON TRACT, AT 33.75 FEET PASS AN IRON STRAP FOUND ON THE NORTHWEST SIDE OF RIVER ROAD AND CONTINUING ON SAME COURSE, IN ALL A DISTANCE OF 2057.75 FEET TO A POINT IN THE CENTER OF AN IRRIGATION CANAL FOR THE WEST CORNER FOR THIS TRACT;
>
> THENCE N 43 DEGREES 32' 45' E WITH THE CENTER OF CANAL, A DISTANCE OF 211.92 FEET TO A POINT FOR THE WEST CORNER OF A TRACT CONVEYED TO ARCHIE DALE CARSON BY DEED RECORDED IN VOLUME 2366, PAGE 347, OFFICIAL PUBLIC RECORD OF WICHITA COUNTY, TEXAS, FOR THE NORTH CORNER FOR THIS TRACT;
>
> THENCE S 45 DEGREES 08' 55' E WITH THE SOUTHWEST LINE OF SAID CARSON TRACT, AT 2025.26 FEET PASS AN IRON SET ON THE NORTHWEST SIDE OF RIVER ROAD AND CONTINUING ON SAME COURSE, IN ALL A DISTANCE OF 2061.76 FEET TO A NAIL SET ON THE CENTER OF RIVER ROAD FOR THE EAST CORNER FOR THIS TRACT;
>
> THENCE S 44 DEGREES 37' 30' WITH THE CENTER OF RIVER ROAD, A DISTANCE OF 208.45 FEET TO THE PLACE OF BEGINNING AND CONTAINING 9.937 ACRES OF LAND.

IT IS FURTHER STIPULATED that the parties agree that Movant may immediately enforce and implement this Order granting relief from the automatic stay and that the provision

of Rule 4001(a) (3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtor, Attorney for Debtor, and the Chapter 13 Trustee that the Automatic Stay has been terminated.

**IT IS SO ORDERED.**

### END OF ORDER ###

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT BURKE WILSON CASTLE
DAFFIN & FRAPPIER, L.L.P.


BY: /s/ MARY A. DAFFIN

| | |
|---|---|
| MARY A. DAFFIN | MONTE J WHITE |
| TBA NO. 05309200 | 1106 BROOK AVENUE |
| 1900 St. James Place, Suite 500 | WICHITA FALLS, TX 76301 |
| Houston, Texas 77056 | |
| Telephone: (713) 621-8673 | ATTORNEY FOR DEBTORS |
| Facsimile: (972) 661-7702 | |
| E-mail: NDECF@BBWCDF.COM | |
| ATTORNEY FOR MOVANT | |

WALTER O'CHESKEY, TRUSTEE


17:14 AUG 21, 2007                    FR: AMY                    #4063  PAGE: 9/9

08/20/07  15:02 FAX 940 723 0096     MONTE J WHITE & ASSOC.                  ☒008
BBWCDF              8/17/2007 4:41:50 PM    PAGE    8/008    Fax Server

BY:  /s/ MARY A. DAFFIN

MARY A. DAFFIN
TBA NO. 05309200
1900 St. James Place, Suite 500
Houston, Texas 77056
Telephone: (713) 621-8673
Facsimile: (972) 661-7702
E-mail: NDECF@BBWCDF.COM
ATTORNEY FOR MOVANT

MONTE J WHITE
1106 BROOK AVENUE
WICHITA FALLS, TX 76301

ATTORNEY FOR DEBTORS

WALTER O'CHESKEY, TRUSTEE

X _Corey Chumro_

AOCS.doc-65/AO-POP,Y/Northern/WICHITA FALLS/00000000572677    -    Page 7